■ ALFRED TOKER, Appellant, v HARRY R. POLLAK, et al., Respondents.—Orders, Supreme Court, New York County, entered January 22, 1979, modified, in the exercise of discretion, to deny the motion for a protective order covering records and proceedings of movant Mayor's Committee on the Judiciary, subject however to conditions hereinafter set forth, and otherwise affirmed, without costs. As its name indicates, the committee passes upon qualifications of persons seeking designation by the Mayor to the Benches of the local courts. This suit is for defamation in that defendants-respondents are said to have given derogatory information to the committee concerning plaintiff-appellant's qualifications for judicial office. When plaintiff attempted to secure information concerning such a communication, a claim of privilege was raised, held by our highest court to be qualified (44 NY2d 211). Plaintiff served subpoenas duces tecum upon third-party witnesses, i.e., the committee and certain members, to appear for examination before trial and for production of committee records in order to assemble evidence to sustain his case. By motion for a protective order to quash the subpoenas, the matter came on before Special Term, which sustained the proposed depositions, "solely as to the receipt and substance of any communication from defendants, concerning plaintiff, be they written or oral," while granting a protective order "striking the documents set out and sought in the subpoena." Obviously, without evidence of what, if anything, was communicated by defendants to the committee, and how, if at all, plaintiff was damaged thereby, an innocent plaintiff in similar circumstances would be without recourse at all in the face of a protective order cutting off access to all or part of such information. Thus, plaintiff may properly discover and examine. However, because of the public interest nature of the matter, unbridled discovery could conceivably do damage to the usual functioning of a most valuable institution. Accordingly, we modify to dissolve the protective order, leaving it to the Justice presiding to determine, in camera, the relevance of the material sought. To assure consistency and to promote judicial economy, we direct that one Justice shall be designated to decide all such questions. The area of relevance is as defined by Special Term. Though, conceivably, the time may come when it may be relevant to ascertain what action, if any, was taken by the committee in response to communications received, the question of damages is not now—and may never be—relevant. Concur—Kupferman, J. P., Fein, Sullivan and Markewich, JJ.